UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20467 CR - GOLD
             MAGISTRATE JUDGE
18 U.S.C. § 371        BANDSTRA

UNITED STATES OF AMERICA

v.

JOHN KEITH DANKS,

            Defendant.       /

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The federal Food, Drug, and Cosmetic Act (FDCA), as amended, Title 21, United States Code, Section 301 et seq., was in effect.

2. The Food & Drug Administration (FDA), an agency within the United States Department of Health and Human Services, was entrusted by federal law to enforce provisions of the FDCA and its implementing regulations throughout the United States. It was thus the agency responsible for regulating, among other activities, commerce in prescription medical devices within the United States, because of the potentiality for harmful effect if used other than under the supervision of a practitioner licensed by law.

3. JOHN KEITH DANKS maintained a variety of business entities, including F & S Medical, Inc. (F&S), Pelican medical, LLC, Tree Medical, and Endoscopic Concepts, Inc. Each of the foregoing business entities were Florida registered corporations with their principal places of



business located in Delray Beach, Florida. JOHN KEITH DANKS, operating as F&S, solicited sales representatives of medical device manufacturers and others in the medical profession, seeking to purchase prescription medical devices for re-sale in both intrastate and interstate commerce.

4. Defendant JOHN KEITH DANKS was a former employee of Ethicon Endosurgery, Inc. (Ethicon), a subsidiary of Johnson & Johnson, employed as a sales representative with responsibilities for marketing of Ethicon's products.

## COUNT 1

1. The allegations contained in paragraphs 1 through 4 of the General Allegations section are realleged and incorporated as though fully set forth herein.

2. Beginning on or about January 1, 1997, and continuing through on or about January 3, 2005, within the Southern District of Florida and elsewhere, the defendant,

**JOHN KEITH DANKS,**

and other persons known and unknown to the United States Attorney's Office, did knowingly and willfully combine, conspire, confederate, and agree to violate the laws of the United States, as set forth below:

**A. Transportation of Stolen Property:** To knowingly and willfully transport, transfer, and cause to be transported and transferred in interstate commerce, various prescription medical devices, of the value of $5,000 or more, knowing said goods and merchandise to have been stolen, converted, or taken by fraud, in violation of Title 18, United States Code, Section 2314; and

**B. Obstruction of an Agency Proceeding:** To defraud the United States, that is to hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful and

legitimate functions of the FDA in enforcing the federal laws and regulations applicable to prescription medical devices.

### Manner and Means

Among the manner and means used by the defendant and his coconspirators, both known and unknown to the United States Attorney's Office, to effectuate this conspiracy and to further its objectives were the following:

3. It was part of the conspiracy that known coconspirators, in the course of their activities as employees of Ethicon and employees of various medical facilities, without the knowledge of their employers, secured control and possession of significant quantities of prescription medical devices (PMDs) at various locations throughout the United States. The PMDs were acquired through a variety of means, including, inter alia, retaining PMDs that were manufactured by companies other than Ethicon when medical facilities converted to the use of Ethicon devices; Ethicon manufactured PMDs recovered from customer facilities when alternative or later model versions were substituted for earlier models; diversion of samples provided by Ethicon to its sales representatives for the intended purpose of business promotion; and the direct theft of PMDs from medical facilities.

4. It was further part of the conspiracy that coconspirators periodically transferred and caused to be transferred the Ethicon and other PMDs to F&S located in Delray Beach, in return for payment from defendant JOHN KEITH DANKS.

5. It was further part of the conspiracy that defendant willfully engaged in a pattern of conduct designed to conceal his involvement in the sale of the "misbranded" and "adulterated"

PMDs by, inter alia, failing to account for all the income received from the sale of the devices on his tax returns, and insuring that payment checks from F&S were never written in an amount greater than $10,000.00, in order to avoid currency transaction reporting requirements.

### Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, there was committed and caused to be committed by at least one of the coconspirators herein, within the Southern District of Florida and elsewhere, at least one of the following over acts, among others:

1. On or about January 7, 1997, coconspirators known to the United States Attorney's Office, shipped stolen PMDs from Connecticut to F&S at Delray Beach, Florida, in return for which the coconspirators shared proceeds totaling $9,169.17, in the form of sequentially numbered checks made payable to each of the coconspirators by name.

2. On or about January 7, 1998, an employee of Ethicon, known to the United States Attorney's Office, shipped stolen PMDs from Ohio to F&S at Delray Beach, Florida, in return for which the employee received $4,104.30, paid by check made payable to his spouse.

3. On or about August 17, 1998, an employee of Ethicon, known to the United States Attorney's Office, shipped stolen PMDs from Ohio to F&S at Delray Beach, Florida, in return for which the employee received $11,245.89, paid by check made payable to H & R Corporation, a company established as a front by the employee, a coconspirator known to the United States Attorney's Office.

4. On or about April 13, 1999, an employee of Ethicon, known to the United States Attorney's Office, shipped stolen PMDs from Ohio to F&S at Delray Beach, Florida, in return for

which the coconspirator known to the United States Attorney's Office received $21,487.86, paid by check made payable to H & R Corporation.

5. On or about November 29, 2000, a coconspirator known to the United States Attorney's Office received payment in the amount of $8,798.20 from F&S at Delray Beach, Florida, as compensation for stolen PMDs provided by the coconspirator, paid by check drawn on an F&S Salomon Smith Barney Financial Management Account.

6. On or about December 19, 2003, a coconspirator known to the United States Attorney's Office received payment in the amount of $8,800.00, paid by check made payable in his name from another known coconspirator, drawn on a business checking account in the name "Window Pro Inc.", which represented payment for stolen PMDs shipped by the coconspirators from New York to F&S at Delray Beach, Florida.

7. On or about December 6, 2004, a coconspirator known to the United States shipped three boxes containing stolen Ethicon prescription medical devices from an address in Cold Spring Harbor, New York to Delray Beach, Florida, for sale to JOHN KEITH DANKS.

8. On or about December 15, 2004, a coconspirator known to the United States Attorney's office, received payment in the amount of $9,644.82 from F&S at Delray Beach, Florida, as compensation for stolen PMDs provided by the coconspirator, paid by check drawn on an F&S Smith Barney Financial Management Account.

9. On or about December 20, 2004, at Delray Beach, Florida, defendant JOHN KEITH DANKS, operating as Tree Medical, invoiced and sold PMDs for $9,644.82 to a Miami-based medical device distribution company.

10.     On or about December 24, 2004, a coconspirator known to the United States Attorney's Office, in Cold Spring Harbor, New York, shipped trocars and linear cutters, stolen PMDs invoiced for sale at $6,401.61, from New York to F&S at Delray Beach, Florida.

All in violation of Title 18, United States Code, Section 371.

## CRIMINAL FORFEITURE

1.      The allegations of this Information are re-alleged and incorporated by reference herein as if set forth in their entirety, for the purpose of alleging forfeitures to the United States of America, of property in which the defendant has an interest, pursuant to the provisions of Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 981(a)(1)(c).

2.      Upon conviction of the offense alleged in this Information, defendant **JOHN KEITH DANKS** shall forfeit to the United States all property, real and personal, constituting proceeds obtained from the afore stated offense(s) and all property traceable to such property, including but not limited to a money judgment in the amount of $9,536,660.00.

All pursuant to Title 28, United States Code, Section 2461; Title 18, United States Code, Section 981(a)(1)(c) and the procedures outlined at Title 21, United States Code, Section 853.

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
Thomas Watts-FitzGerald
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20467-CR-GOLD
MAGISTRATE JUDGE
BANDSTRA

UNITED STATES OF AMERICA

vs.

JOHN KEITH DANKS,

        **Defendant.**
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**

**Court Division:** (Select One)

- X  Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New Defendant(s)    Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   NO
   List language and/or dialect   _____

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I   | 0 to 5 days    | X (Plea) | Petty   | ___ |
   | II  | 6 to 10 days   | ___      | Minor   | ___ |
   | III | 11 to 20 days  | ___      | Misdem. | ___ |
   | IV  | 21 to 60 days  | ___      | Felony  | X   |
   | V   | 61 days and over | ___    |         |     |

6. Has this case been previously filed in this District Court? (Yes or No)   NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   NO

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?   ___ Yes   X No

8. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999?   ___ Yes   X No
   If yes, was it pending in the Central Region?   ___ Yes   ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   X No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?   ___ Yes   X No

        _____
        Thomas A. Watts-FitzGerald
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 0273538

[Stamp: D.C. / MAG. SEC. / JUL 31 2006 / CLARENCE MADDOX / CLERK U.S. DIST. CT. / S.D. OF FLA. • MIAMI]

*Penalty Sheet(s) attached

REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __JOHN KEITH DANKS__

Case No: __06-20467 CR-GOLD           MAGISTRATE JUDGE BANDSTRA__

Count #: 1

__Conspiracy to impede the lawful functions of the FDA and traffic in stolen goods in interstate commerce.__

__Title 18, United States Code, Section 371__

*Max.Penalty:        __Five years' imprisonment__

Count #

FILED by _____ D.C.
MAG. SEC.

JUL 31 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.